THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANY SCREEN-THOMPSON and DONALD THOMPSON, h/w, | : : : : | Civil Action No. |
| *Plaintiffs* | : : | |
| v. | : : | |
| LABCORP, LABORATORY CORPORATION OF AMERICA, and JOHN DOE DEFENDANTS 1-50, | : : : : | |
| *Defendants* | : | |

## NOTICE OF REMOVAL

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Laboratory Corporation of America Holdings (incorrectly named as "Labcorp") and Laboratory Corporation of America (hereinafter collectively, "Defendants"), by their attorneys, McCarter & English, LLP, hereby file this Notice of Removal, removing this action, *Tiffany Screen-Thompson and Donald Thompson v. Labcorp, Laboratory Corporation of America, and John Doe Defendants 1-50*, December Term 2025, No. 00706, from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Defendant provides this "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a):

1. Plaintiffs Tiffany Screen-Thompson and Donald Thompson ("Plaintiff") initiated this civil action in the Court of Common Pleas of Philadelphia County, Pennsylvania, under December Term 2025, No. 00706, with a caption of *Tiffany Screen-Thompson and Donald*

*Thompson v. Labcorp, Laboratory Corporation of America, and John Doe Defendants 1-50*, by filing his Complaint on December 4, 2025. A true and correct copy of the complaint, and all other process, pleadings, and orders from state court are attached hereto as **Exhibit 1**.

2.  Plaintiffs' Complaint alleges that, on July 19, 2024, Plaintiff Screen-Thompson suffered personal injuries during a blood draw at Defendant's location in Bala Cynwyd, Pennsylvania.

3.  Plaintiffs' Complaint asserts four (4) causes of action:

    (i)   Negligence against Labcorp;

    (ii)  Negligence against Labcorp Corporation of America;

    (iii) Lack of Consortium against all Defendants; and

    (iv)  Negligence against John Doe Defendants 1-50.

(**Exhibit 1**, Compl., Count I, ¶¶ 32-37, Count II, ¶¶ 38-43, Count III, ¶¶ 44-46;  Count IV, .¶¶ 37-50)

4.  As to each separate cause of action, Plaintiff prays for damages "in excess of Fifty Thousand Dollars ($50,000.00)" plus punitive damages. And so, on the face of the Complaint, Plaintiff seeks relief in excess of seventy-five thousand dollars ($75,000.00).

## I.  REMOVAL IS TIMELY

5.  Defendant Laboratory Corporation of America Holdings was formally served with the Complaint on December 16, 2025, via personal service.  A true and correct copy of Plaintiff's Affidavit of Service filed in the Philadelphia Court of Common Pleas is attached hereto as **Exhibit 2**.

6. Defendant Laboratory Corporation of America was served with the Complaint on December 17, 2025, via certified mail. A true and correct copy of Plaintiff's Affidavit of Service filed in the Philadelphia Court of Common Pleas is attached hereto as **Exhibit 3**.

7. No Defendant has answered Plaintiffs' Complaint as of this filing.

8. Pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332, a Defendant or Defendants may remove this action within thirty (30) days of service of the complaint since there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Thus, because Defendants were served on December 16 and 17, 2025, removal is within the requisite thirty (30)-day period and therefore timely.

## II.     DIVERSITY OF CITIZENSHIP

10. According to Plaintiffs' Complaint, Plaintiffs Tiffany Screen-Thompson and Donald Thompson reside at 4130 Parkside Avenue, Apartment 407, Philadelphia, PA 19104, and are therefore citizens of Pennsylvania.

11. Defendant, Laboratory Corporation of America Holdings[1] is a corporation and citizen of Delaware and North Carolina, having been incorporated in Delaware and maintaining its principal place of business in North Carolina.

12. Defendant Laboratory Corporation of America is a corporation and citizen of Delaware and North Carolina, having been incorporated in Delaware and maintaining its principal place of business in North Carolina.

13. Pursuant to 28 U.S.C. § 1332(b)(1) the citizenship of the factiously named defendants is disregarded.

---

[1] "Labcorp" is a brand name and is not a jural entity. The correct name for this Defendant is Laboratory Corporation of America Holdings.

14. Therefore, there is complete diversity among the parties.

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

15. Plaintiffs' Complaint asserts personal injury claims against Defendants which include "pain, suffering, emotional distress, neurological injuries/symptoms in [Plaintiff's] left arm, hand and fingers, some or all of which are permanent in nature, to her great detriment and loss." (*See* **Exhibit 1**, Compl., at ¶ 31).

16. Plaintiffs' Complaint asserts four (4) causes of action, each of which prays for relief in excess of $50,000.00, and it therefore demands a sum exceeding $75,000.00. (*See generally* **Exhibit 1**, Compl.).

17. Accordingly, the amount in controversy requirement is met, and this action may be removed pursuant to 28 U.S.C. § 1332.

### IV. ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET

18. A civil cover sheet accompanies this Notice of Removal.

19. Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, orders, and other papers or exhibits filed in State Court.

20. Written notice of this Notice of Removal will be filed in the Philadelphia County Court of Common Pleas.

21. All defendants properly joined and served consent to the removal of this action.

22. No previous application for removal has been made.

23. Plaintiffs Tiffany Screen-Thompson and Donald Thompson are residents and citizens of Philadelphia, Pennsylvania, which is within Philadelphia County, and the alleged incident leading to Ms. Screen-Thompson's purported injury occurred in Bala Cynwyd, Pennsylvania, which is within Montgomery County.

24. The United States District Court for the Eastern District of Pennsylvania, encompasses both Philadelphia and Montgomery Counties. Thus, this Court is the proper venue for the action, pursuant to 28 U.S.C. § 1441(a).

25. In sum, this action may be removed to this Court by Defendant in accordance with the provision of 28 U.S.C. §§ 1332(a), 1441, and 1446.

26. Defendant respectfully reserves all defenses.

**WHEREFORE,** Defendants Laboratory Corporation of America Holdings (incorrectly named as "Labcorp") and Laboratory Corporation of America respectfully hereby remove this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, and request that further proceedings be conducted in this Court as provided by law.

Dated: January 5, 2026         **McCARTER & ENGLISH, LLP**

By:    /s *Michael J. Toczyski*
       Michael J. Toczyski, Esq.
       1600 Market Street, Suite 3900
       Philadelphia, PA 19103

       *Attorneys for Defendants,*
       *Laboratory Corporation of America Holdings*
       *(incorrectly named as "Labcorp") and*
       *Laboratory Corporation of America*

## CERTIFICATE OF SERVICE

I certify that on January 5, 2025, I electronically filed a copy of this Notice of Removal with the Clerk of the Court using the CM/ECF system and also caused to be served a copy of this document upon counsel of record via electronic mail and United States Mail at the following address:

Gregory A. Smith, Esq.
John Mirabella, Esq.
**SMITH, MIRABELLA, BLAKE**
100 N. 20th Street, Suite 303
Philadelphia, PA 19103
*Attorneys for Plaintiff*

Dated: January 5, 2026          By:   */s/ Michael J. Toczyski*
Michael J. Toczyski, Esq.
**McCARTER & ENGLISH, LLP**
1600 Market Street, Suite 3900
Philadelphia, PA 19103
(215) 979-3800
mtoczyski@mccarter.com

*Attorneys for Defendants, Laboratory Corporation of America Holdings (incorrectly named as "Labcorp") and Laboratory Corporation of America*