# EXHIBIT 1

# Civil Cover Sheet

**Court of Common Pleas of Philadelphia County**
**Trial Division**

For Prothonotary Use Only (Docket Number)

**DECEMBER 2025**    **00706**

E-Filing Number: 2512011737

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> TIFFANY SCREEN-THOMPSON | **DEFENDANT'S NAME** <br> LABCORP |
| **PLAINTIFF'S ADDRESS** <br> 4130 PARKSIDE AVENUE APARTMENT 407 <br> PHILADELPHIA PA 19104 | **DEFENDANT'S ADDRESS** <br> 2 BALA PLAZA SUITE LL-21 <br> BALA CYNWYD PA 19004 |
| **PLAINTIFF'S NAME** <br> DONALD THOMPSON | **DEFENDANT'S NAME** <br> LABORATORY CORPORATION OF AMERICA |
| **PLAINTIFF'S ADDRESS** <br> 4130 PARKSIDE AVENUE APARTMENT 407 <br> PHILADELPHIA PA 19104 | **DEFENDANT'S ADDRESS** <br> 531 S. SPRING STREET <br> BURLINGTON NC 27215 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** <br> JOHN DOES 1-50 |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** <br> N/A <br> PHILADELPHIA PA 19103 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 3 | [X] Complaint [ ] Petition Action [ ] Notice of Appeal <br> [ ] Writ of Summons [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration <br> [X] Jury <br> [ ] Non-Jury <br> [ ] Other: | [ ] Mass Tort <br> [ ] Savings Action <br> [ ] Petition | [ ] Commerce <br> [ ] Minor Court Appeal <br> [ ] Statutory Appeals | [ ] Settlement <br> [ ] Minors <br> [ ] W/D/Survival |

**CASE TYPE AND CODE**
2M - MALPRACTICE - MEDICAL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
DEC 04 2025
S. GILLIAM

**IS CASE SUBJECT TO COORDINATION ORDER?**    YES    NO

---

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: TIFFANY SCREEN-THOMPSON, DONALD THOMPSON

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| GREGORY A. SMITH | SMITH MIRABELLA BLAKE <br> 100 N 20TH ST <br> SUITE 303 <br> PHILADELPHIA PA 19103 |
| **PHONE NUMBER** (215)422-4100 | **FAX NUMBER** (215)422-4101 |
| **SUPREME COURT IDENTIFICATION NO.** <br> 84189 | **E-MAIL ADDRESS** <br> gsmith@smblawfirm.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** <br> GREGORY SMITH | **DATE SUBMITTED** <br> Thursday, December 04, 2025, 10:28 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**SMITH MIRABELLA BLAKE**
GREGORY A. SMITH, ESQUIRE
JOHN MIRABELLA, ESQUIRE
Attorney ID#s: 84189/49558
100 N. 20th Street, Suite 303
Philadelphia, PA 19103
215-422-4100



Attorneys for Plaintiffs

| | |
|---|---|
| **TIFFANY SCREEN-THOMPSON and DONALD THOMPSON, h/w**<br>4130 Parkside Avenue<br>Apartment 407<br>Philadelphia PA  19104<br><br>                            Plaintiffs<br><br>vs.<br><br>**LABCORP**<br>2 Bala Plaza<br>Suite LL-21<br>Bala Cynwyd PA  19004<br>and<br>**LABORATORY CORPORATION OF AMERICA**<br>531 S. Spring Street<br>Burlington NC  27215<br>and<br>**JOHN DOE DEFENDANTS 1-50**<br><br>                            Defendants | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY<br><br>DECEMBER TERM, 2025<br><br>NO: |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and Notice are served, by entering a written appearance personally or by attorney, and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION

Case ID: 251200706

LAWYER REFERRAL AND INFORMATION SERVICES
One Reading Center
Philadelphia, PA 19107
**(215) 238-6333**

### AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notiicacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUARDONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.

<u>ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.</u>

<u>SI USTED NO TIENE DINERO SUFICIENTE ARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O SIN NUNGUN HONORARIO.</u>

**ASSOCIACION DE LICENCIADOS DE FILADELFIA**
SERVICIO DE REFERENCIA E INFORMACION LEGAL.
One Reading Center
Philadelphia, PA 19107
**(215) 238-6333**

Case ID: 251200706

**SMITH MIRABELLA BLAKE**
GREGORY A. SMITH, ESQUIRE
JOHN MIRABELLA, ESQUIRE
Attorney ID#s: 84189/49558
100 N. 20th Street, Suite 303
Philadelphia, PA 19103
215-422-4100                                           Attorneys for Plaintiffs

| | |
|---|---|
| **TIFFANY SCREEN-THOMPSON and DONALD THOMPSON, h/w**<br>4130 Parkside Avenue<br>Apartment 407<br>Philadelphia PA 19104<br><br>                     Plaintiffs<br><br>vs.<br><br>**LABCORP**<br>2 Bala Plaza<br>Suite LL-21<br>Bala Cynwyd PA 19004<br>and<br>**LABORATORY CORPORATION OF AMERICA**<br>531 S. Spring Street<br>Burlington NC 27215<br>and<br>**JOHN DOE DEFENDANTS 1-50**<br><br>                     Defendants | **IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**<br><br>**DECEMBER TERM, 2025**<br><br>**NO:** |

## CIVIL ACTION COMPLAINT

1. Plaintiff Tiffany Screen-Thompson is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 4130 Parkside Avenue, Apartment 407, Philadelphia PA 19104.

2. Plaintiff Donald Thompson is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 4130 Parkside Avenue, Apartment 407, Philadelphia PA 19104.

Case ID: 251200706

3. At all times material hereto, Tiffany and Donald Thompson were lawfully married.

4. Defendant Labcorp is, on information and belief, a corporation or other entity existing under and by virtue of the laws of the Commonwealth of Pennsylvania with a principal place of business located at 2 Bala Plaza, Suite LL-21, Bala Cynwyd PA 19004.

5. Defendant Laboratory Corporation of America ("LCA") is, on information and belief, a corporation or other entity existing under and by virtue of the laws of the State of North Carolina with a principal place of business located at 531 S. Spring Street, Burlington NC 27215.

6. John Doe Defendants (1-50) are individuals, corporations or other entities whose names and identities are neither known nor knowable but who were responsible, in whole or in part, for the pain, suffering and injuries experienced by Ms. Screen-Thompson in connection with the facts outlined below and the permanent nerve injury she suffered as a result of the negligence, carelessness and/or recklessness of the phlebotomist at Labcorp on July 19, 2024.

7. At all times material hereto, defendant Labcorp acted and/or failed to act by and through its duly authorized agents, ostensible agents, servants, workman, and employees, including, but not limited to, the individual who attempted to take blood from Ms. Screen-Thompson on July 19, 2024.

8. At all times material hereto, defendant LCA acted and/or failed to act by and through its duly authorized agents, ostensible agents, servants, workman, and employees, including, but not limited to, the individual who attempted to take blood from Ms. Screen-Thompson on July 19, 2024.

9. At all times material hereto, defendants regularly conducted business in the City and County of Philadelphia.

10. Plaintiff Tiffany Screen-Thompson, date of birth November 19, 1984, was a married mother of three who worked as a school counselor.

11. On July 19, 2024, Ms. Screen-Thompson went to Labcorp located at 2 Bala Plaza in Bala Cynwyd to have blood drawn.

12. The phlebotomist was a light-skinned African American woman whose name was and is unknown to Ms. Screen-Thompson.

13. The phlebotomist jabbed Ms. Screen-Thompson once in her left arm with a needle to remove blood.

14. Ms. Screen-Thompson immediately felt a sensation like electric shocks going down her left arm.

15. Ms. Screen-Thompson told the phlebotomist, who removed the needle.

16. The phlebotomist told her that she "must have hit a nerve."

17. Ms. Screen-Thompson felt pain in a finger, which the phlebotomist told her was temporary and would be relieved by rubbing it.

18. The pain was not temporary, would soon get significantly worse, and was not relieved by rubbing.

19. The phlebotomist took blood from Ms. Screen-Thompson's right arm, without complication.

20. Ms. Screen-Thompson went home, where she remained for a short time as the pain in her left arm got worse.

21. Ms. Screen-Thompson went to the Chestnut Hill Hospital Emergency Department, where she was diagnosed with a peripheral nerve injury.

22. The notes indicate "Pt with decreased sensation to the left proximal, volar aspect of forearm, extending distally to palmar aspect of hand, with numbness over the left thenar region."

23. Ms. Screen-Thompson was discharged and advised to follow up with a neurologist.

24. Ms. Screen-Thompson came under the care of neurologist Danielle Porreca M.D., whom she saw for the first time on September 9, 2024.

25. The records reveal that Ms. Screen-Thompson reported "intermittent burning pain from her arm just proximal to the antecubital fossa, down to her hand on the palmar aspect."

26. Dr. Porreca concluded that Ms. Screen-Thompson likely suffered a phlebotomy-related injury to her median nerve, and prescribed Gabapentin to try and relieve the neuropathic pain.

27. Ms. Screen-Thompson began taking the Gabapentin, but found that it caused her to experience significant drowsiness, such that she could not concentrate or focus at work.

28. As a result of the injury and the related treatment, Ms. Screen-Thompson was unable to continue working as a school counselor and resigned her position.

29. Currently, more than fifteen (15) months after suffering the injury to her nerve, Ms. Screen-Thompson continues to experience pain in her left arm shooting down her elbow to her fingers, with associated numbness and tingling in her fingers.

30. Despite multiple efforts and request, defendants have refused to provide any medical, billing or any records pertaining to Ms. Screen-Thompson, in an improper effort to cover up their negligence.

31. As a direct and proximate result of the negligence and/or carelessness of defendants, Ms. Screen Thompson suffered injuries that include, but are not limited to, pain, suffering, emotional distress, neurological injuries/symptoms in her left arm, hand and fingers, some or all of which are permanent in nature, to her great detriment and loss.

## COUNT I

## TIFFANY SCREEN-THOMPSON v. LABCORP

32. The preceding paragraphs are incorporated by reference as if fully set forth herein.

33. The negligence and/or carelessness of defendant Labcorp, by and through its duly authorized agents, ostensible agents, servants, employees, owners, officers and/or workmen, includes the following:

   a. Injuring Ms. Screen-Thompson's nerve;

   b. Improperly performing phlebotomy services;

   c. Failing to appropriately train its staff;

   d. Failing to appropriately diagnose Ms. Screen-Thompson;

   e. Failing to produce records pertaining to Ms. Screen-Thompson;

   f. Failing to have reasonable and appropriate policies and procedures concerning performance of phlebotomy services;

   g. Failing to follow corporate policies and procedures concerning performance of phlebotomy services

  h. Failing to perform appropriate tests;

  i. Failing to properly coordinate medical care;

  j. Causing injury to Ms. Screen-Thompson;

  k. Falsely and incorrectly advising Ms. Screen-Thompson that her condition would improve;

  l. Failing to pay proper attention while attempting to draw blood;

  m. Failing to obtain Ms. Screen-Thompson's informed consent;

  n. Failing to appropriately maintain the chart;

  o. Failing to comply with state and federal statutes pertaining to chart maintenance;

  p. Failing to hire and retain only competent personnel;

  q. Increasing the risk of harm to Ms. Screen-Thompson; and

  r. Failing to appropriately monitor and/or oversee its employees.

34. As a direct and proximate result of the negligence and/or carelessness of defendants, Ms. Screen Thompson suffered injuries that include, but are not limited to, pain, suffering, emotional distress, neurological injuries/symptoms in her left arm, hand and fingers, some or all of which are permanent in nature, to her great detriment and loss.

35. As a direct and proximate result of the negligence and/or carelessness of defendants, Ms. Screen Thompson was caused to undergo significant and painful medical care, and will need medical care in the future, to her great detriment and loss.

36. As a direct and proximate result of the negligence and/or carelessness of defendants, Ms. Screen Thompson suffered a loss of life's pleasures, the loss of enjoyment of life,

Case ID: 251200706

was and is unable to engage in her usual and customary activities of daily living, some or all of which may be permanent in nature, to her great detriment and loss.

37. As a direct and proximate result of the negligence and/or carelessness of defendants, Ms. Screen Thompson suffered economic losses in the nature of wage loss in the past and future, amounts for medical care in the past and may need medical care in the future, to her great detriment and loss.

WHEREFORE Plaintiffs demand judgment in their favor and against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages and any other relief to which they are entitled under the law.

## COUNT II

## TIFFANY SCREEN-THOMPSON v. LABORATORY CORPORATION OF AMERICA

38. The preceding paragraphs are incorporated by reference as if fully set forth herein.

39. The negligence and/or carelessness of defendant LCA, by and through its duly authorized agents, ostensible agents, servants, employees, owners, officers and/or workmen, includes the following:

   s. Injuring Ms. Screen-Thompson's nerve;

   t. Improperly performing phlebotomy services;

   u. Failing to appropriately train its staff;

   v. Failing to appropriately diagnose Ms. Screen-Thompson;

   w. Failing to produce records pertaining to Ms. Screen-Thompson;

   x. Failing to have reasonable and appropriate policies and procedures concerning performance of phlebotomy services;

    y. Failing to follow corporate policies and procedures concerning performance of phlebotomy services

    z. Failing to perform appropriate tests;

    aa. Failing to properly coordinate medical care;

    bb. Causing injury to Ms. Screen-Thompson;

    cc. Falsely and incorrectly advising Ms. Screen-Thompson that her condition would improve;

    dd. Failing to pay proper attention while attempting to draw blood;

    ee. Failing to obtain Ms. Screen-Thompson's informed consent;

    ff. Failing to appropriately maintain the chart;

    gg. Failing to comply with state and federal statutes pertaining to chart maintenance;

    hh. Failing to hire and retain only competent personnel;

    ii. Increasing the risk of harm to Ms. Screen-Thompson; and

    jj. Failing to appropriately monitor and/or oversee its employees.

40. As a direct and proximate result of the negligence and/or carelessness of defendants, Ms. Screen Thompson suffered injuries that include, but are not limited to, pain, suffering, emotional distress, neurological injuries/symptoms in her left arm, hand and fingers, some or all of which are permanent in nature, to her great detriment and loss.

41. As a direct and proximate result of the negligence and/or carelessness of defendants, Ms. Screen Thompson was caused to undergo significant and painful medical care, and will need medical care in the future, to her great detriment and loss.

42. As a direct and proximate result of the negligence and/or carelessness of defendants, Ms. Screen Thompson suffered a loss of life's pleasures, the loss of enjoyment of life,

was and is unable to engage in her usual and customary activities of daily living, some or all of which may be permanent in nature, to her great detriment and loss.

43. As a direct and proximate result of the negligence and/or carelessness of defendants, Ms. Screen Thompson suffered economic losses in the nature of wage loss in the past and future, amounts for medical care in the past and may need medical care in the future, to her great detriment and loss.

WHEREFORE Plaintiffs demand judgment in their favor and against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages and any other relief to which they are entitled under the law.

### COUNT III

### DONALD THOMPSON v. ALL DEFENDANTS

44. The preceding paragraphs are incorporated by reference as if fully set forth herein.

45. At all times material hereto, Plaintiff Donald Thompson was the lawful spouse of Plaintiff Tiffany Screen-Thompson.

46. As a direct and proximate result of the negligence and/or carelessness of defendants, Plaintiff Donald Thompson has in the past and may in the future suffer a loss of the society, comfort and/or consortium of his wife.

WHEREFORE Plaintiffs demand judgment in their favor and against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages and any other relief to which they are entitled under the law.

## COUNT IV

### TIFFANY SCREEN THOMPSON and DONALD THOMPSON v. JOHN DOE DEFENDANTS 1-50

47. The preceding paragraphs are incorporated by reference as if fully set forth herein.

48. Each and every prior allegation of liability, including negligence and carelessness, are hereby articulated and alleged against John Doe defendants 1-50, whose identities are neither known nor knowable at this stage of the litigation, and are incorporated by reference as if fully set forth herein.

49. John Doe defendants 1-50 are also liable for the injuries suffered by plaintiffs, all of which are articulated above and are incorporated by reference as if fully set forth herein.

50. As a direct and proximate result of the negligence and carelessness of defendants, Plaintiffs suffered the economic and non-economic losses identified above.

WHEREFORE Plaintiffs demand judgment in their favor and against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with delay damages and any other relief to which they are entitled under the law.

Respectfully submitted,

SMITH MIRABELLA BLAKE

By: _____
GREGORY A. SMITH, ESQUIRE
JOHN MIRABELLA, ESQUIRE
Attorneys for Plaintiffs

DATE: December 4, 2025

## ☐**VERIFICATION**

I, Tiffany Screen-Thompson, hereby verify that I am the Plaintiff in this matter and that the facts set forth in this Complaint are true and correct to my knowledge, information, and belief. I understand that this Verification is subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

TIFFANY SCREEN THOMPSON

*/s/ Tiffany Screen-Thompson*

DATE: 12/3/25

☐

## **VERIFICATION**

I, Donald Thompson, hereby verify that I am the Plaintiff in this matter and that the facts set forth in this Complaint are true and correct to my knowledge, information, and belief. I understand that this Verification is subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

DONALD THOMPSON

*/s/ D Thompson*

DATE: 12-3-25